## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GERALD MASARONE, | § | |
| | § | No. 391, 2015 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | ID No. 1301016588 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: March 2, 2016
Decided: March 24, 2016

Before **STRINE**, Chief Justice, **HOLLAND**, and **VAUGHN**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

Christopher S. Koyste, Esquire, Wilmington, Delaware, for Appellant.

Kathryn J. Garrison, Esquire, Deputy Attorney General, Department of Justice, Georgetown, Delaware, for Appellee.

**VAUGHN**, Justice, for the Majority:

Defendant-Below/Appellant Gerald Masarone appeals from a Superior Court Order denying his motion for postconviction relief. He presents two claims on appeal. First, he claims that his trial counsel was ineffective by not advising him that he had a right to wear street clothes, rather than a prison uniform, at his trial, and by failing to provide him with street clothes. Second, he claims that the Superior Court erred by failing to hold an evidentiary hearing on his first claim.

At a jury trial in July 2013, Masarone was convicted of driving under the influence of alcohol. It was his seventh DUI offense. The facts, briefly, are as follows. On January 22, 2013, a woman driving southbound on Route 1 called 911 to report that she had witnessed a grey pickup truck "driving crazy" ahead of her. She watched the vehicle swerve in between the lines, almost hit a vehicle next to it and then hit the Indian River Inlet bridge with the left front of the truck. Despite that collision, the truck kept going. Officers dispatched to look for the vehicle found a grey pickup truck stopped just south of the Indian River Inlet bridge in the left turn lane and median. Masarone was passed out in the front seat. The truck was still in drive, but it was not moving because Masarone's foot was on the brake pedal. The Officers awakened Masarone with some difficulty and coaxed him out of the truck. He had difficulty keeping his balance, falling on several occasions. In addition, his

2

words were slurred and difficult to understand; he acted confused; and officers noticed a distinct, strong odor of alcohol on his breath. Masarone failed the alphabet and counting tests. The officer administering the tests opted not to proceed with the remaining field tests because Masarone could not stand up. Officers found an empty bottle of liquor in the pickup truck. At trial, in addition to the testimony of the woman who called 911 and the officers who arrived at the scene, the State played the jury a Mobile Video Record ("MVR") that showed the officers removing Masarone from his vehicle, him stumbling around, and the officers having to hold him up. He can also be heard speaking on the MVR, and his words are markedly slurred.

On direct appeal, Masarone's conviction was affirmed.[1]

The record does not seem to explain why Masarone appeared at his trial in a prison uniform. Masarone claims that his attorney never advised him that he was entitled to wear regular street clothes. Trial counsel denies that and says that he did inform him that he could wear street clothes. The Superior Court did not resolve that factual dispute, choosing instead to decide the case on the second prong of *Strickland v. Washington*.[2] The Superior Court found that Masarone failed to establish prejudice. It does not appear from the record that any objection was made to

---

[1] *Masarone v. State*, 2014 WL 1515038, at *3 (Del. April 16, 2014).
[2] 466 U.S. 668, 691 (1984).

3

Masarones appearing at trial in a prison uniform, but an instruction was given to the jury that no inference of guilt could be drawn from him being incarcerated. In deciding that Masarone failed to establish prejudice, the Superior Court relied, in part, upon the instruction and, in part, upon the fact that if Masarone were in street clothes a jury would nonetheless observe correctional officers dressed in blue uniforms seated near the defense table.

We have previously observed that "'[c]ourts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption [of innocence that is] so basic to the adversary system.'"[3] On this record, we cannot conclude that Masarone was compelled to go to trial in a prison uniform. In addition, given the nature of the evidence against Masarone, no arguable error on this point or on the lack of an evidentiary hearing could cause Masarone harm or prejudice.

This is not the first time that the record has not contained an explanation for the defendant's appearance in a prison uniform.[4] When a trial judge becomes aware that a defendant has appeared for jury selection in a prison uniform, the trial judge should make a record of why the defendant is not dressed in street clothes.

---

[3] *Andrus v. State*, 1998 WL 736338, at *4 (Del. Oct. 1, 1998) (alteration in original) (quoting *Estelle v. Williams*, 425 U.S. 501, 504 (1976)).

[4] *See id.*

4

For all of the preceding reasons, the judgment of the Superior Court is

**AFFIRMED**.

**STRINE**, Chief Justice, Concurring:

I concur in the result reached in the Court's well-reasoned opinion. I write separately to note that this is just one of many recent cases in which an issue has been raised because a defendant was tried in prison clothes.[5] It breaks no ground for us to point out that it is far from ideal for that to happen. This is also not the only case where there is no record of why the defendant was before the court in prison clothes.[6] As a best practice, a trial judge who comes into court and sees a defendant in prison clothes would be well advised to make a specific inquiry into the issue.[7] It may be that the prisoner wishes to be tried in prison clothes.[8] It could be that someone forgot to tell the prisoner. But whatever the reason, a record should be made and if the prisoner wishes to be tried in civilian clothes, the appropriate arrangements should be made. In that regard, it is my understanding that the Public Defender's office

---

[5] *See, e.g., Blenman v. State*, 2016 WL 889551, at *5 (Del. Mar. 8, 2016); *State v. Walker*, 2015 WL 3654806, at *2 (Del. Super. June 8, 2015).

[6] *See, e.g., State v. McGlotten,* 2009 WL 3335325, at *7 (Del. Super. Oct. 8, 2009); *Dickens v. State,* 2003 WL 21982924, at *5 (Del. Super. July 11, 2003).

[7] *See Payne v. State*, 367 A.2d 1010, 1018 (Del. 1976) (explaining that the trial court's asking "whether the defendants had any personal clothing which they wished to wear . . . cured any possible error that might have resulted from its earlier" decision to overrule the defendants' objection to being tried in prison clothes); *see also Marshall v. State*, 51 A.3d 641, 649 (Md. 2012) (trial judge asked defendant who appeared in prison clothes whether he wanted to change into street clothes); *United States v. Pakala,* 2011 WL 7506729, at *6 (D. Mass. Aug. 16, 2011) (same).

[8] *See Estelle v. Williams*, 425 U.S. 501, 507 (1976) ("[I]nstances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury.").

keeps a collection of civilian clothes on hand for these situations, and it is certainly something that the Bench and Bar can work together to solve. The minor delay that might ensue in some situations is modest, especially given the reality that defendants should not be tried in prison clothes and that when they are and no contemporaneous record is made as to why, a litigable issue that will take the resources of the prosecution, defense, and judicial system will likely arise.